ACCEPTED
15-24-00097-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/8/2025 2:24 PM
CHRISTOPHER A. PRINE
CLERK

CAUSE NO: 15-24-00097-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/8/2025 2:24:03 PM
CHRISTOPHER A. PRINE
Clerk

-------------------------------------------

In the Court of Appeals

for the FIFTEENTH Judicial District Austin, Texas

---

Randal Law

Appellant

v.

Texas Department of Insurance - Division of Workers' Compensation

Subsequent Injury Fund, Jeff Nelson, Kara Mace, and Blaise Gerstenlauer,

Appellees

On Appeal from the

459th Judicial District Court, Travis County

---

MOTION FOR REHEARING OF THE COURT OF APPEALS
JUDGMENT AND MEMORANDUM OPINION ISSUED ON
AUGUST 29, 2025

Comes Now Randal Law Plaintiff-Appellant in the above styled and numbered cause and very respectfully request a Rehearing by the Fifteenth Court of Appeals Justices of the Courts Judgment and Memorandum Opinion issued on August 29th 2025. (TRAP: Rule 49.1)

<u>Demonstrable error and misinterpretation of a fact or a legal point.</u>

Plaintiff-Appellant was "*Threatened*" and we, as a crucial legal point with the utmost respect/reverence, demand that the Texas State Courts inherently must claim Jurisdiction in All Proper Jurisprudence when a Catastrophically Injured individuals only source of income is threatened by the ultra vires acts of others who do not comply with the Texas State Statutes and seek to subjugate and convert the Texas State Statutes through their ultra vires acts whether its by way of a departments "internal management" and its latter corresponding "adopted rule" or some other department form. It sets a very dangerous precedent when an arbitrarily adopted New Rule is allowed to actually override the Texas State Statutes Enacted/Stated Intent.

1. ) The Judgment on august 29th 2025 ordered Plaintiff-Appellant "jointly and severally to pay all costs incurred in this appeal ". Thus a demonstrable error had occurred as the clerks' record clearly indicated (page 28-30) a *Affidavit of Indigence court approved on April 17, 2024*.
  We are very appreciative of the 15th Court of Appeals Correction of Judgment issued in regard to this particular point on September 22, 2025. It is very unfortunate that similar misjudgments have also occurred in the Judicial Review Decision.
  We very respectfully request that the remaining imperative demonstrable errors, misinterpretations, misjudgments, and legal points also be properly corrected, as this error has been properly corrected, through a rehearing of this case that is before the Texas State Courts.

2. ) Memorandum Opinion - "Law has been receiving benefits since 2003, and pleaded that "over the past two decades Plaintiff has only had to fill out one certified verification paper and return it on an Annual Basis" to prove he was still eligible."

Thus, a very unfortunate misinterpretation as the clerks record indicates (page 68 - #18) the True Explication/Legal Point.

It is a preliminary reference/description of page 68 - #18 the <u>Plea to be GRANDFATHERED- IN</u> with the <u>main legal point being - "This time frame carries very Great Weight as to the well "Established Equitable" and "Merits."</u> - meaning the then established - Statutes and Rules for over two decades and should be Grandfathered in as such and <u>apart</u> from the Ultra Vires Plea in the original amended petition and then followed on in response to Appellees brief, in the reply brief that is before this court.

3.) Memorandum Opinion - In April of 2024, he filed suit alleging that the monthly calls are "bullying, harassing" and intimidating, and are causing him "great pain, suffering, worry, and stress." But he never alleges that he has been deprived of any benefits, except that one payment was "one week late."

Thus, a very unfortunate misjudgment as the clerks record clearly indicates a <u>direct</u> "Threat" was made, and the True Explication/Legal Points (clerks record page 67 to 69, - #9,#14,#18,#23)

Clerk's Record page 67 - #9,
"As described more fully in the preceding paragraphs of this Petition, Defendant Blaise Gerstenlauer Bullying, Harassment, Intimidation and ***Direct Threat*** are direct cause of Plaintiff Randal Law undergoing great pain, suffering, worry, stress and cost that have accrued and are continuing to accrue".

Clerks Record page 67 - #14

Unless Defendant Blaise Gerstenlauer is immediately enjoined and restrained, Defendant will continue to Bully, Harass, Intimidate and **_Threaten_**. **_Defendant's intent to engage in these *acts is evidenced by his letter dated 4-3-2024._** Plaintiff requests that the Court temporarily enjoin Defendant from these *acts until the trial of this cause and that after final hearing, the court permanently enjoin Defendant from continuing to Bully, Harass, Intimidate and **_Threaten_**.

**Clerk's record page 68 - #18.**

This together with the Bullying, Harassment, Intimidation and **Threat** to Plaintiff Randal Law is now developing into *very troubling pattern of conduct from Defendant Blaise Gerstenlauer TDI- DWC-SIF that has not been encountered by the Plaintiff Randal Law within the last 24 years of TDI-DWC-SIF.

*_The Acts that are referred to and/or marked with a * here/elsewhere and #18 are **Ultra Vires Acts** ! as was clearly established in the original amended petition found in the clerks record page 69 - #23_

**Clerk's record page 69 - #23.**

Plaintiff Randal Law requests that the Court set this application for TRO and temporary injunction for hearing, and after hearing the application, issue TRO and temporary injunction against Defendant Blaise Gerstenlauer TDI-DWC-SIF enjoining Defendant from All the Ultra Vires Conduct in regard to All the arguments put forth by the plaintiff throughout this Original Petition and Documentation thereof. Plaintiff Randal Law further requests that the Court set this matter for trial and, upon final hearing, permanently enjoin Defendant Blaise Gerstenlauer TDI-DWC-SIF from the described Ultra Vires Acts of Conduct.

4.)  The purpose of the prospective injunctive relief sought was/is to never allege that Plaintiff-Appellant  had been deprived of any benefits yet! - this has been greatly misinterpreted into the courts decision. The main purpose was/is to have the Appellees comply with the Texas State Statutes and not subjugate and convert the Texas State Statutes because that subjugation/conversion (ULTRA VIRES ACT) can/will result in the unlawful interruption/deprivation of a Lifetime Income Benefit that the Texas State Statutes clearly promulgated against doing.

The memorandum opinion - ***"The remedy for an ultra vires act by a government official is prospective injunctive relief." City of El Paso v. Heinrich, 284 S.W.3d 366, 376 (Tex. 2009).*** We respectfully requested!

The memorandum opinion - "But he never alleges that he has been deprived of any benefits" is a wholly unfortunate misinterpretation of the legal point.
  That by the ultra vires acts of subjugation/converting the Texas State Statutes (§§ 408.161 and 408.201) of  the Labor Code it directly results in a Catastrophically Injured individual NOT being paid until death. Thus subjugating and converting the Texas State Statutes will undoubtedly cause a future interruption/hardship/deprivation of  the Lifetime Income Benefit.

  Thus was clearly explicated and legal points made in Plaintiff-Appellant amended original petition, written response in the trial court, initial brief and the reply brief that are before the Texas State Courts.

5. )  The memorandum opinion - "Law claims the monthly phone calls violate §§ 408.161 and 408.201 of the Labor Code because TDI is attempting to deprive him of his benefits.

Thus a most unfortunate complete and total misjudgment, as the prior proven  imperative demonstrable error, misinterpretations, misjudgments and legal points have been proven above in this motion for rehearing, and as the clerks record has clearly indicated the True Proper Explication.

At NO point whatsoever was it the Plaintiff-Appellants intent to bring forth before the Texas Courts Judicial Review any process that - "phone calls violate §§ 408.161 and 408.201 of the Labor Code" (*Emphasis added*.)

To be extremely clear the court was/is correct that Plaintiff-Appellant took umbrage when TDI began making monthly phone calls to verify that he was still living. This was/is in the very-very beginning communications, documents, and emails between the Plaintiff-Appellant and the Appellees underline before litigation and then entered into the record as a preliminary reference.

The complete and total dynamic changed when Plaintiff-Appellant received the TDI-DWC-SIF letter dated 4-3-2024 that threatened to interrupt the Lifetime Income Benefit through Ultra Vires Conduct.
TO BE VERY CLEAR - This Ultra Vires Act within the 4-3-2024 letter (*very same content of  the letter would later become "the new rule 131.5"*) was/is and has/always will consistently remain the main legal point and reason for this Judicial Review before the Texas Court System.

The 4-3-2024 letter and its latter corresponding "New Rule 131.5"with their Ultra Vires Act to not pay the Lifetime Income Benefit until death - violated §§ 408.161 and 408.201 of the Labor Code not the "phone calls".

6. ) The memorandum opinion - "The only exception to immunity Law has raised is the ultra vires exception. He alleged that by shifting from annual written to monthly telephonic verification of eligibility, TDI committed an ultra vires act.

Thus another most wholly unfortunate complete misjudgment, as the prior imperative demonstrable error, misinterpretations, misjudgments and legal points have been proven above and in #5 of this rehearing motion and as the clerks record has clearly indicated the True Proper Explication.

The 4-3-2024 letter and its latter corresponding "Rule 131.5"with their Ultra Vires Act to not pay the Lifetime Income Benefit until death - violate §§ 408.161 and 408.201 of the Labor Code **not the "phone calls"**.

The clerks record on page 90-94 has clearly indicated the True Proper Explication **within the Trial Court**.
In particular the clerks record page 91 quote:

*""AGAIN -- It must be stressed that An official fails to perform ministerial act when he fails to comply with law that "prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment."*

*The defendant has very clearly indicated in his letter dated 4-3-2024 to act without legal authority and to not comply with the law by performing other actions or claims of interrupt/stoppage/suspension on a, over two decades and counting, Lifetime Income Benefit.*

*I would respectfully request that this act, by defendant, be deemed/labeled SEVERE ULTRA VIRES ACT! (This Severe Ultra Vires Act, by defendant, would leave the plaintiff Catastrophic Injured Worker with NO Income to Sustain Life THUS VERY SEVERE!)""*

7. ) The memorandum opinion footnote - 4 *See* 28 TEX. ADMIN. CODE § 131.5 (Tex. Dep't of Ins., Verification by the Subsequent Injury Fund"). Law challenges the new rule in his reply brief in this Court, but that dispute was not pleaded below and so is not before us.

Thus the most unfortunate complete and total misjudgment, as the prior imperative demonstrable error, misinterpretations, misjudgments and legal points have been proven above in this motion for rehearing, and as the clerks record has clearly indicated the True Proper Explication.

It has been clearly proven that the new rule 131.5 was/is the latter corresponding of the letter dated 4-3-2024. The letters content put into a formal adopted form if you will - **one and the same**. <u>Thus before the Court</u>.

It is also indisputable that the Appellees used the new rule 131.5 as a defense against the Appellant in their brief <u>that is before this court</u>.

Thus, this being Appellants first time knowing of the new rule 131.5 existence by it being included into the Appellees Brief - Appellant had to respond/reply in any/all aspects of justice, fairness, and reasonableness.

To render Appellants Reply Brief irrelevant/moot would be a very unfortunate injustice and unjustly disable Appellants Reply Brief.

In closing:

The Texas State Courts have a Ultra Vires Act before them that must be lawfully settled that is indeed within its jurisdiction as well as a - "Great Weight as to the well "Established Equitable" and "Merits." for over two decades that proves to be Grandfathered-in apart from the Ultra Vires Plea.

Plaintiff-Appellant was "*Threatened*" and we, as a crucial legal point with the utmost respect/reverence, demand that the Texas State Courts inherently must claim Jurisdiction in All Proper Jurisprudence when a Catastrophically Injured individuals only source of income is threatened by the ultra vires acts of others who do not comply with the Texas State Statutes and seek to subjugate and convert the Texas State Statutes through their ultra vires acts whether its by way of a departments "internal management" and its latter corresponding "adopted rule" or some other department form. It sets a very dangerous precedent when an arbitrarily adopted New Rule is allowed to actually override the Texas State Statutes enacted/stated intent.

Respectfully submitted,
/s/ *Randal Law*
Randal Law. Plaintiff
701 E. 11th St.
Del Rio, Texas 78840
(830)-768-1556
Rlaw9@stx.rr.com

**CERTIFICATE OF COMPLIANCE**

I certify that this brief/motion complies with Texas Rule of

Appellate Procedure 9.4(i)(3), and the word count of this document is 2,180 words including all portions that are not exempted by the rule. The word processing software used to prepare this filing and calculate the word count of the document is WPS Office.

/s/ *Randal Law*
Randal Law. Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record shown below by e-service and/or e-mail in accordance with the   Texas Rules of Civil Procedure on October 8, 2025.

CANON HILL
State Bar No. 24140247
Assistant Attorney General
Administrative Law Division
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box  12548, Capitol
Station Austin, Texas 78711-2548
Telephone: (512) 936-1838
Canon.Hill@oag.texas.gov

/s/ *Randal Law*
Randal Law. Plaintiff

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 106606670
Filing Code Description: Motion for Rehearing - Exempt
Filing Description: MOTION FOR REHEARING
Status as of 10/8/2025 2:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Paul Pruneda | | paul.pruneda@oag.texas.gov | 10/8/2025 2:24:03 PM | SENT |
| Randal Law | | rlaw9@stx.rr.com | 10/8/2025 2:24:03 PM | SENT |
| Canon ParkerHill | | canon.hill@oag.texas.gov | 10/8/2025 2:24:03 PM | SENT |
| Canon Hill | | Canon.Hill@oag.texas.gov | 10/8/2025 2:24:03 PM | SENT |